EL PUEBLO, DEMANDANTE Y APELADO, *v.* FRANCO ET AL.,
ACUSADOS Y APELANTES.

APELACIÓN procedente de la Corte de Distrito de Humacao
en causa por infracción del artículo 519 del Código
Penal.

No. 844.—Resuelto en febrero 25, 1916.

INTENCIÓN CRIMINAL—PRESUNCIÓN—PRUEBA.—Si bien el artículo 12 del Código
Penal declara que la intención se manifiesta por las circunstancias relaciona-
das con el delito y el sano juicio y discreción del acusado, y presume la
intención maliciosa y criminal por la manera y deliberación con que se intenta
o comete un acto ilegal, tal presunción desaparece cuando la prueba demuestra
que no existió intención criminal en la ejecución del hecho.

DAÑOS MALICIOSOS—DERECHOS DE PROPIEDAD—CONVENIENCIA Y NECESIDAD PÚBLI-
CAS—BENEFICIO DE LA COMUNIDAD.—Aunque el artículo 519 del Código Penal,
según fué enmendado por la Ley de 8 de marzo de 1906, tiene por objeto
proteger los derechos de propiedad contra sus transgresores, si los hechos son
de tal naturaleza que demuestran la necesidad absoluta de entrar en la pro-
piedad para beneficio de la comunidad, no puede sostenerse que se ha cometido
dicho delito.

ID.—CONFLICTO ENTRE LA CONVENIENCIA Y NECESIDAD PÚBLICAS Y LOS DERECHOS
DE PROPIEDAD.—Cuando la conveniencia pública y la necesidad llegan a estar
en conflicto con los derechos privados, es necesario que los últimos cedan a los
primeros.

Los hechos están expresados en la opinión.

Abogado de los apelantes: *Sr. J. Henri Brown.*

Abogado del apelado: *Sr. Salvador Mestre, Fiscal.*

EL JUEZ ASOCIADO SR. ALDREY emitió la opinión del
tribunal.

Los apelantes Juan Franco y Carlos Font fueron denun-
ciados en unión de Rafael T. Veve ante la Corte Municipal
de Fajardo por infracción del artículo 519 del Código Penal
según quedó enmendado por la ley de 8 de marzo de 1906,
siendo los hechos que se le imputaron, que voluntaria y mali-
ciosamente con intención de causar daño en la propiedad pri-
vada del denunciante Enrique Bird, penetraron en ella sin
su consentimiento ni el de la persona encargada de su cui-
dado, quien le prohibió la entrada y que a pesar de tal pro-
hibición y una vez dentro de la expresada propiedad privada,

cortaron varias ramas de las palmas de coco que allí están sembradas, no obstante que tal propiedad está cercada desde hace más de un año y con carteles en inglés y en español prohibiendo la entrada en ella.

Absuelto Veve en la corte municipal, los otros dos apelaron contra la sentencia que les condenó, y celebrado el juicio *de novo* contra ambos en la Corte de Distrito de Humacao, recayó sentencia también condenatoria, contra la cual interpusieron el presente recurso de apelación.

No hay diferencia entre las partes respecto a los hechos de este caso, los que según la prueba son los siguientes:

La corporación de servicio público Porto Rico Railway, Light & Power Co. tiene concedida una franquicia para suministrar al público corriente eléctrica para luz y fuerza, y de acuerdo con ella tiene tendida una línea de alambres que llevan corriente eléctrica a los pueblos de Luquillo, Fajardo y Ceiba para el alumbrado público y privado. Una noche quedaron a oscuras dichos pueblos por falta de corriente eléctrica y también sin fuerza de esa clase para los motores de las panaderías, y cuando al día siguiente el encargado de la corporación, Rafael T. Veve, investigaba la causa de esa interrupción, encontró que era producida por el corta circuito formado por el contacto de los alambres con unas ramas de palmas de coco, contacto que además podía producir la fusión de los alambres portadores de una corriente de 4,400 *volts,* que es peligrosa para la vida humana. En ese sitio los alambres se hallan a una altura de treinta pies y las ramas no podían alcanzarse con las escaleras que usa la corporación porque no tienen ese largo, por lo que los apelantes, cumpliendo orden del Sr. Veve, y contra la prohibición del encargado de la finca donde estaban las palmas, y a pesar de estar la finca cercada y con avisos en inglés y en español prohibiendo la entrada, penetraron en ella y cortaron dichas ramas.

El artículo 519 en que se basa la denuncia, que está comprendido dentro del capítulo que trata de los daños maliciosos, dice así, según quedó enmendado en el año 1906: "Toda per-

sona que voluntaria o maliciosamente derribara alguna cerca
o palizada, sin el consentimiento del dueño o de la persona
encargada de la misma, para abrirse paso por algún recinto
cercado, incurrirá en *misdemeanor,* penable con multa máxima
de $300.    Toda persona que entrare en heredad ajena cer-
cada, sin el consentimiento del dueño o de la persona encar-
gada de la misma, incurrirá en *misdemeanor,* penable con
multa máxima de $50 o con prisión que no exceda de 30 días,
o con ambas penas, a discreción del tribunal, siempre que,
por un término de treinta días antes de que ocurriese la en-
trada en dicha heredad, el dueño de ella haya puesto de mani-
fiesto y conservado, en uno o en varios sitios visibles de la
referida porción de tierra, heredad o hacienda, un aviso fácil-
mente legible, en inglés y en español, prohibiendo a todas las
personas la entrada en dicha porción de tierra, heredad o
hacienda.''

Con estos antecedentes sostienen los apelantes que la sen-
tencia contra la cual recurren es errónea; porque la prueba
demuestra que no tuvieron intención criminal y que existía
una emergencia que autorizó la entrada en la finca.

Si bien el artículo 12 del Código Penal declara que la
intención se manifiesta por las circunstancias relacionadas
con el delito y el sano juicio y discreción del acusado, y pre-
sume la intención maliciosa y criminal por la manera y deli-
beración con que se intenta o comete un acto ilegal, tal pre-
sunción desaparece cuando la prueba demuestra que no existió
intención criminal en la ejecución del hecho.

Aunque el artículo 519 que hemos citado tiene por objeto
proteger los derechos de propiedad contra sus transgresores,
sin embargo, si los hechos son de tal naturaleza que demues-
tran la necesidad absoluta de entrar en la finca para beneficio
de la comunidad, no podrá sostenerse que se ha cometido
dicho delito.    El derecho de propiedad, que lleva consigo el
derecho de exclusión, no es tan absoluto que no esté sujeto a
ciertas excepciones a causa de necesidad.    1 Lewis, Eminent
Domain, pág. 433.    En el caso de *Campbell* v. *Race,* 7 Cush.,

408, 54 Am. Dec. 728, se declaró que la persona que por encontrar obstruído temporalmente un camino público entra en la propiedad colindante sin causar innecesarios daños, no es responsable de intrusión en propiedad ajena, y se dice lo siguiente: "El declarar a una parte culpable de la invasión ilegal de los derechos de otra por pasar por terrenos adyacentes a un camino público a causa de tal necesidad, llevaría los derechos individuales a una extensión irrazonable y les daría más protección que la que puede encontrarse en las reglas de la ley. Tal temporal e inevitable uso de la propiedad privada debe ser considerado como una de las cargas incidentales a que está sujeta la propiedad en las sociedades civilizadas. En consecuencia la regla está algunas veces justificada por el fundamento de la conveniencia pública y de la necesidad. Estando establecidos los caminos para el servicio público y para el uso y beneficio de toda la comunidad, un debido respeto al bien de todos requiere que cuando están temporalmente obstruídos el derecho del viajero no sea interrumpido. Las palabras del Sr. Mansfield son: 'es para el bien general que la gente debe tener derecho a pasar por la finca de otro.' Es una máxima de la ley común que cuando la conveniencia pública y la necesidad llegan a estar en conflicto con los derechos privados, es necesario que los últimos cedan a los primeros."

Estas consideraciones son aplicables al presente caso porque los hechos que se probaron en el juicio demostraron la necesidad en que estaban los apelantes de restablecer la corriente eléctrica sin pérdida de tiempo, no tan sólo para que funcionaran los motores de las panaderías y que pudieran por tanto suministrar el pan a las poblaciones y para que los pueblos no quedaran otra noche sin luz, sino también para evitar posibles pérdidas de vidas humanas causadas por la fusión y caída de los alambres cargados de electricidad mortal. Las circunstancias de este caso fueron tales que las estimamos suficientes para declarar que los apelantes tuvieron una necesidad absoluta de entrar en la finca del Sr. Bird para cortar

sin pérdida de tiempo las ramas que formaban el circuito con los alambres de la luz eléctrica, para beneficio de la comunidad, por lo que el interés privado tenía que ceder ante la conveniencia pública, y estando justificada la necesidad de entrar en la finca del denunciante por esas razones, la prueba demuestra que no verificaron la entrada con intención criminal, y por tanto no pueden ser responsables de infracción al artículo 519 del Código Penal y deben estar libres de toda pena.

La sentencia apelada debe ser revocada y dictarse otra absolviendo a los apelantes.

> *Revocada la sentencia apelada y absueltos*
> *los acusados.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf y Hutchison.

El Juez Asociado Sr. del Toro no intervino en la resolución de este caso.